[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO VACATE RESTRAINING ORDER
PROCEDURAL HISTORY
Plaintiff seeks a prejudgment remedy pursuant to Connecticut General Statutes § 52-278c et seq. to attach property in Danbury, Connecticut ("the property"). Plaintiff applied for and was granted a temporary restraining order related to the same property on December 18, 2000. Plaintiff alleges, inter alia, that the property formerly owned by defendants Scalzo and Martino was fraudulently conveyed by Scalzo to Martino. Plaintiff seeks, among other prayers for relief, avoidance of the transfer. The application for prejudgment remedy ("PJR") was scheduled to be heard by the court on February 5, 2001. On February 6, 2001, Scalzo filed a notice in this action that he had filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Connecticut. The automatic stay provisions of the Bankruptcy Code,11 U.S.C. § 362, are applicable to the current action. Defendant Martino has now moved to vacate the December 18, 2000 restraining order because "issues regarding . . . fraudulent conveyances . . . are before the bankruptcy court which has jurisdiction." (Defendant's Motion To Vacate ¶ 1.)
ISSUE
Whether this court may take any action regarding the motion to vacate in view of the automatic stay provided for in 11 § U.S.C. § 362 where the moving party (in this context Martino) is not the debtor in the bankruptcy proceeding and the property is not titled in the debtor's name (Scalzo). The court concludes that the automatic stay applies to the motion to vacate. CT Page 3524
DISCUSSION
The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." Midlantic National Bank v. New JerseyDepartment of Environmental Protection, 474 U.S. 494, 503,106 S.Ct. 755,88 L.Ed.2d 859, rehearing denied, 475 U.S. 1090, 106 S.Ct. 1482,89 L.Ed.2d 736 (1986). The filing of a bankruptcy petition stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . 11 U.S.C. § 362
(a)(1). "The scope of the automatic stay is extremely broad and should apply to almost any type of formal or informal action against the debtor or the property of the estate." (Internal quotation marks omitted.) In reOrmond Beach Assocaties Ltd. Partnership, 185 B.R. 408, 412
(Bankr.D.Conn. 1995).
The imposition of a bankruptcy stay ousts state courts of jurisdiction regarding any claim made against the debtor. (Emphasis added.) Kalb v.Feuerstein, 308 U.S. 433, 438-39, 108 S.Ct. 626, 98 L.Ed 740 (1940). Generally, the automatic stay does not apply to proceedings against non-debtor co-defendants. See Teachers Insurance Annuity Association ofAmerica v. Butler, 803 F.2d 61, 65 (2nd Cir. 1986); In re MetalCenter, Inc., 31 B.R. 458, 462 (Bankr.D.Conn. 1983). Where, however, there is such an identity between a debtor (Scalzo) and a non-debtor (Martino) that a judgment against the non-debtor would be binding upon the debtor, the protection afforded the debtor (the automatic stay) must be extended to enjoin litigation against the non-debtor. In reReubenstein, 105 B.R. 198, 201 (Bankr.D.Conn. 1989).
Therefore the court finds that the automatic stay under11 U.S.C. § 362 applies to the matter now before the court and stays all proceedings until further action by the Bankruptcy Court in case number 01-50112. The temporary restraining order of December 18, 2000, remains in effect.
Cremins, J.